IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWAYNE A. HUNT | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  07-3849 |
| | : | |
| HARRY WILSON et al. | : | |

## MEMORANDUM AND ORDER

**Juan R. Sánchez, J.**                                                    **June 18, 2008**

     Dawayne A. Hunt, incarcerated at the Fayette State Correctional Institution in LaBelle, Pennsylvania, objects to Magistrate Judge Carol Sandra Moore Wells's recommendation Hunt's claims should be dismissed, and asks this Court to grant a writ of habeas corpus.  After an independent review, this Court agrees Hunt's claims are time-barred and he fails to establish the extraordinary circumstances necessary to support equitable tolling.  This Court will overrule the objection, adopt the Recommendation, and deny the writ.

**FACTS**

    On April 24, 1997, a jury in the Berks County Court of Common Pleas convicted Hunt of first-degree murder, aggravated assault, possession of an instrument of crime, and carrying firearms without a license.  Hunt appealed, the Pennsylvania Superior Court affirmed, *Commonwealth v. Hunt,* 724 A.2d 956 (Pa. Super. 1998), and the Pennsylvania Supreme Court declined review on December 1, 1998.  *Commonwealth v. Hunt,* 732 A.2d 1209 (Pa. 1998).

    Hunt filed a petition, later amended by court-appointed counsel, under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-46. The PCRA court denied Hunt's petition, Hunt appealed, and, on May 7, 2001, the Pennsylvania Superior Court dismissed the case for failure to file a brief.

1

After Hunt successfully petitioned to have his appellate rights reinstated *nunc pro tunc* by filing a second PCRA petition, new counsel filed a "no-merit" letter and requested leave to withdraw. On July 10, 2002, the Superior Court affirmed the dismissal of Hunt's PCRA petition by the lower court and granted counsel leave to withdraw.

More than three years later, Hunt filed a third PCRA petition, which was dismissed as untimely.[1]   The Superior Court affirmed this dismissal and on January 31, 2007, the Pennsylvania Supreme Court declined review.  Hunt filed the instant *pro se* federal habeas corpus petition under 28 U.S.C. § 2254 on September 13, 2007.

**DISCUSSION**

This Court must review the record *de novo* when a petitioner objects to a recommendation by a magistrate judge. 28 U.S.C. § 626.  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) has a one-year statute of limitations, which begins to run on the date a conviction becomes final.  *Fiedler v. Varner,* 379 F.3d 113, 117-18 (3d Cir. 2004).   The record shows the statute of limitations began to run on March 1, 1999 when the 90-day period during which Hunt could have sought review from the Supreme Court of the United States ended.  *Clay v. United States,* 537 U.S. 522, 525, 531 (2003).  Hunt's deadline to file this habeas petition expired in 2002.

The one-year statute of limitations imposed by the AEDPA is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  A claim is properly filed when it is "submitted in accordance with the state's procedural requirements." *Fahy v. Horn,* 240 F.3d 239, 243 (3d Cir.

---

[1]The PCRA contains a jurisdictional one-year statute of limitations.  42 Pa.C.S. § 9545.

2001).

Hunt properly filed his first PCRA claim by mailing it from prison on December 1, 1999, at which time Hunt had 91 days remaining in his AEDPA limitations period.[2] The first PCRA claim tolled the AEDPA period of limitations until May 7, 2001, when the Pennsylvania Superior Court dismissed his PCRA appeal for failure to file a brief.  Hunt filed his second PCRA petition on September 10, 2001, and the Pennsylvania Superior Court dismissed Hunt's first appeal on July 10, 2002.  Assuming the statute of limitations was tolled until July 10, 2002,[3] he had 91 days remaining at that time, or until October 9, 2002.  Instead of filing his federal habeas petition within the time he had remaining in the limitations period, Hunt filed a third PCRA petition more than two years later on March 22, 2005.  Both the PCRA court and the Pennsylvania Superior Court deemed the third petition untimely.  Because Hunt's third PCRA petition was untimely, it was not properly filed under the AEDPA and cannot have tolled the statute of limitations.  *See Fahy,* 240 F.3d at 243-4 (holding "the AEDPA explicitly directs us to toll the statute of limitations only when a collateral petition for state relief was 'submitted according to the state's procedural requirements, such as the rules governing the time and place of filing'").   Hunt's petition is time-barred and must be denied.  *See Pace v. DiGuglielmo,* 544 U.S. 408, 408-09 (2005) (denying habeas petition because a prisoner filed beyond the one-year AEDPA filing deadline, rendering the habeas petition time-barred) .

---

[2]A *pro se* prisoner's petition is deemed filed when he delivers it to prison officials for mailing. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).  The record shows Hunt delivered the petition to prison officials on December 1, 1999.

[3]Whether or not the statute of limitations began running again on May 7, 2001 when the Pennsylvania Superior Court dismissed his PCRA appeal for failure to file a brief, or was tolled until July 10, 2002, the result is the same.  For our purposes here, however, the Court will assume the statute of limitations was tolled until the later date.

Hunt argues equitable tolling applies and extends the statute of limitations.  Equitable tolling applies "only when the principle of equity would make the rigid application of a limitation unfair." *Satterfield v. Johnson,* 434 F.3d 185, 195 (3d Cir. 2006).  Hunt must demonstrate diligent pursuit of his rights, and extraordinary circumstances hindered him from asserting those rights.  *Id.*  The Third Circuit has held three circumstances make equitable tolling appropriate: "(1) [if] the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum."  *Id.*

Hunt argues his ineffective assistance of counsel and his counsel's conflict of interest constitute extraordinary circumstances.  Both of the arguments fail.  Hunt does not specify how his counsel was ineffective nor how his counsel prevented him from asserting his rights.[4]  Hunt's lack of knowledge of the law does not excuse his failure to file a timely claim.  *Fahy,* 240 F.3d at 244 ("[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling"); *see also Brown v. Dinwiddie,* 2008  WL 2222003, at *2 (10th Cir. May 30, 2008) (despite a prisoner being an incarcerated pro se petitioner, the prisoner's lack of knowledge about AEDPA's limitations period or the law does not entitle him to equitable tolling).

Hunt's conflict of interest claim fails because he does not offer any evidence.  Hunt baselessly argues his PCRA's representation of the Commonwealth's chief witness during Hunt's

---

[4]Hunt received new court-appointed counsel when his second PCRA petition was granted.  Hunt asserts he received ineffective counsel because his counsel "was totally unprepared for this matter once [counsel] allowed the PCRA court to appoint her as counsel to this petitioner."  Objection 1.

trial constitutes a conflict of interest, which is an extraordinary circumstance warranting equitable tolling.  Objection 1.  A petitioner cannot meet his burden of proof based on vague and conclusory allegations, rather he must set forth facts to support his contention.  *Zettlemoyer v. Fulcomer,* 923 F.2d 284, 298 (3d Cir. 1991); *see also Mayberry v. Petsock,* 821 F.2d 179, 185, 187 (3d Cir. 1987) (dismissing prisoner's habeas petition because he failed to provide proof of his conclusory allegations of state interference with his rights sufficient to justify relief).  Hunt lacks the extraordinary circumstances required for the application of equitable tolling.  Therefore, the petition must be dismissed.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAWAYNE A. HUNT                     :          CIVIL ACTION
                                    :
        v.                          :          NO.  07-3849
                                    :
HARRY WILSON et al.                 :

## ORDER

AND NOW, this 18th day of June, 2008, after considering the Petition for Writ of Habeas

Corpus, the Response thereto, the United States Magistrate Judge Carol Sandra Moore Wells's

Report and Recommendation, Hunt's objections to the Report and Recommendation, it is hereby

ORDERED:

1. The Recommendation is approved and adopted.

2. The Petition for Writ of Habeas Corpus is DISMISSED with prejudice.

3. There are no grounds to issue a certificate of appealability because the Petitioner has not

made a substantial showing of the denial of a constitutional right.   See 28 U.S.C. §

2253(c)(2).

4. The Clerk of Court shall mark the case CLOSED.

BY THE COURT:

Juan R. Sánchez, J.